J-S76026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :
                v.               :
                                 :
                                 :
DOUGLAS JAMES GENIS,             :
                                 :
            Appellant.           :     No. 642 WDA 2018


Appeal from the PCRA Order, April 3, 2018,
in the Court of Common Pleas of Crawford County,
Criminal Division at No(s):  CP-20-CR-0000327-2003.


BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 01, 2019

Douglas James Genis appeals from the order denying as untimely his

serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42

Pa.C.S.A.  §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On March 17,

2004, a jury convicted Genis of multiple counts of various sexual offenses for

acts he perpetrated upon the then twelve-year-old daughter of a former

paramour.  The trial court originally sentenced him to an aggregate 26 to 60

years in prison.  Following Genis' filing of a pro se motion seeking

reconsideration of his sentence, the trial court reduced his aggregate sentence

to 19 to 45 years in prison.  Thereafter, Genis filed a timely appeal in which

he challenged the denial of his suppression motion.  In an unpublished

memorandum filed on November 6, 2005, we rejected Genis' claim and

affirmed his judgment of sentence. Commonwealth v. Genis, 890 A.2d 1098 (Pa. Super. 2005). Genis did not seek further review.

On August 7, 2006, Genis filed a timely pro se PCRA petition in which he challenged trial counsel's ineffectiveness. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. Following an evidentiary hearing, the PCRA court denied the petition by order and opinion dated on January 17, 2008. Genis filed a timely appeal, this Court affirmed the denial of post-conviction relief on December 2, 2008, and our Supreme Court denied Genis' petition for allowance of appeal on June 3, 2009. Commonwealth v. Genis, 965 A.2d 293 (Pa. Super. 2008), appeal denied, 972 A.2d 520 (Pa. 2009).

Over the ensuing years, Genis unsuccessfully sought post-conviction relief in 2010, 2014, and 2016. Genis filed the pro se PCRA petition at issue on September 8, 2017. The PCRA court once again appointed counsel, and PCRA counsel filed an amended PCRA petition on January 16, 2018. Although acknowledging the untimeliness of this fourth petition, Genis asserted that he filed his petition within sixty days of our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). According to Genis, the Muniz court recognized a new constitutional right that applied to him retroactively.

Following oral argument, the PCRA court denied Genis' fourth PCRA petition as meritless. This timely appeal follows. Both Genis and the PCRA court have complied with Pa.R.A.P. 1925.[1]

Genis raises the following issue:

> 1. Did the PCRA court err when it denied Genis' amended PCRA petition? The court found that pursuant to 42 Pa.C.S.A. § 9799.51 and 42 Pa.C.S.A. § 9799.52 the argument raised by Genis in his petition had been addressed by the new statute, and Genis was required to register for his lifetime.

See Genis' Brief at 8.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001).

As noted supra, although the PCRA court originally denied Genis' PCRA petition on its merits, it subsequently determined that the petition was untimely filed. We first address the timeliness issue.

---

[1] In its Rule 1925(a) opinion, the PCRA court acknowledged that Genis' latest PCRA petition was untimely and that the Muniz decision did not establish a time-bar exception. See PCRA Court Opinion, 5/25/18, at 1-2.

- 3 -

The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  See Hernandez, 79 A.3d 651-52 (citations omitted); see also 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  Commonwealth v. Burton, 936 A.2d

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

521, 525 (Pa. Super. 2007); see also Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived, and cannot be raised for the first time on appeal).

Here, Genis' judgment of sentence became final on December 6, 2005, thirty days after he failed to file a petition for allowance of appeal to the Pennsylvania Supreme Court after we affirmed his judgment of sentence on November 6, 2005. See 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to be timely, Schaffner had to file his PCRA petition by December 6, 2006. As he filed the petition at issue in 2017, it is untimely, unless Genis satisfied his burden of pleading and proving that one of the enumerated exceptions applies. See Hernandez, supra.

Genis has failed to establish any exception to the PCRA's time bar. As noted above, he claims that the Muniz decision establishes the "newly recognized constitutional right" exception to the PCRA's time bar pursuant to Section 9545(b)(1)(iii). Genis further notes that he filed his petition within sixty days of the Muniz decision. 42 Pa.C.S.A. § 9545(b)(2). In Muniz, the Pennsylvania Supreme Court held that SORNA's registration provisions constituted criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment.

Our Supreme Court's decision in Muniz does not entitle Genis to post-conviction relief. This Court has held that "the recent holding in Muniz created a substantive rule that retroactively applies in the collateral context."

Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Genis' PCRA petition was untimely, unlike the timely PCRA petition at issue in Rivera-Figueroa, he must demonstrate that the Pennsylvania Supreme Court has held Muniz applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Because our Supreme Court has yet to reach this conclusion, he cannot rely on Muniz to establish that time-bar exception. See Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018). However, if our Supreme Court issues a decision holding that Muniz applies retroactively, Genis may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). See Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA); see also Commonwealth v. Murphy, 180 A.3d at 406 n.1.

In light of the foregoing, we conclude that Genis' PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA's timeliness requirements. As such, the PCRA court lacked jurisdiction to address the merits of Genis' fourth PCRA petition, and we affirm the court's order denying Genis post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/01/2019